```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW HAMPSHIRE
```

Brian Bluestein

    v.                                        Civil No. 12-cv-021-JL
                                                  Opinion No. 2012 DNH 172

Marc Levenson

**SUMMARY ORDER**

Brian Bluestein, a disabled veteran, filed this action in Hillsborough County Superior Court as a pro se petition for an ex parte restraining order against defendant Marc Levenson, the director of the Department of Veterans Affairs ("VA") Medical Center in Manchester. Bluestein seeks to stop Levenson and others working for the VA from terminating the services that Bluestein, a disabled veteran, receives through a joint program of the VA and the Department of Housing and Urban Development ("HUD") known as "HUD-VASH" ("VASH" is an acronym for "Veterans Affairs-Supported Housing").

For Bluestein, these included case management services affecting his eligibility for a rental assistance voucher under § 8(*o*) of the United States Housing Act of 1937, codified at 42 U.S.C. § 1437f(*o*). Federal law requires the VA "to assure that every veteran who is provided a housing voucher through [this section] is assigned to, and is seen as needed by, a case

manager." 38 U.S.C. § 2003(b).  Invoking this authority, the VA has established procedures for fulfilling its role in the HUD-VASH program, the primary stated goal of which "is to move Veterans and their families out of homelessness."  Dep't of Veterans Affairs, Housing and Urban-Development (HUD)-Department of Veterans Affairs Supported Housing (VASH) Program, VHA Handbook 1162.05, at 1 (Sept. 14, 2011).  "A key component of this program is VA's case management services."  Id.  Indeed, eligibility is limited to veterans "in need of, and [] willing and able to engage in clinical case management," id. at 21, and a veteran who is no longer willing to do so may be discharged from the HUD-VASH program, id. at 26.

Using a Section 8 voucher supplied by the Manchester Housing and Redevelopment Authority ("MHRA"), Bluestein had been living at a privately owned and operated housing complex, Harbor Homes, in Nashua, New Hampshire.  In December 2011, however, VA officials formally notified Bluestein that he had been terminated from its case management program for his "non-compliance with program requirements," which the officials took to indicate that Bluestein "no longer want[ed] or need[ed] the services of the VASH program."  Bluestein alleges that the VA officials took this action in retaliation for another lawsuit he had filed, against Harbor Homes, and that he "never had a problem with case

2

management." The MHRA subsequently informed Bluestein that it was terminating his voucher effective January 21, 2012 because, through his alleged "non-compliance with the case management component of the VASH program," he had violated his "Veterans Service and Housing Agreement."

After Bluestein commenced this action, however, the VA informed the MHRA that the VA "would like to rescind our request to have Brian Bluestein's VASH voucher terminated." The MHRA, in turn, informed Bluestein's landlord that, despite previous communications, it would continue making rental payments on his behalf under the voucher program. On January 4, 2012, the VA informed Bluestein by letter that its previous letter "notifying [him] that [his] participation in the HUD-VASH program was being rescinded" and that he "ha[d] not been discharged from the HUD-VASH program at this time." But the January letter also claimed that Bluestein had signed an agreement committing to certain program requirements, requested that he schedule a meeting with the program staff to discuss his treatment goals, and warned him that his "failure to schedule or attend this meeting may result in your being discharged from the HUD-VASH program."

In the meantime, the Superior Court had denied Bluestein's petition for an ex parte restraining order but scheduled a hearing on it for late January 2012. Order of Dec. 16, 2011.

Before that hearing took place, however, Levenson removed the case to this court, invoking 28 U.S.C. § 1442(a)(1) (providing that actions against federal officers "for or relating to any act under color of such office" may be removed from state to federal district court).  Bluestein then filed another ex parte motion for a restraining order, which this court denied without prejudice to reconsideration as a motion for a preliminary injunction.  Order of Jan. 23, 2012.  The court also scheduled a telephone conference for the purpose of scheduling briefing and a hearing on such a motion, should Bluestein choose to file one.  The conference ultimately took place over Bluestein's objection, but he never filed a motion for a preliminary injunction or sought any other interim relief.

Levenson, for his part, filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this court lacks jurisdiction over this action by virtue of 38 U.S.C. § 511(a).  That statute provides that the Secretary of the VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits to veterans" and that, with a few specified exceptions,[1] "the decision of the Secretary as to any such

---

[1] One of these exceptions is "matters subject to" 38 U.S.C. § 502, which provides that "[a]n action of the Secretary to which

question shall be final and conclusive and shall not be reviewed by any court." Under 38 U.S.C. § 511(b)(4), one of these exceptions is "matters covered by chapter 72 of this title," i.e., 38 U.S.C. §§ 7251-7299, which, among other things, establishes the Court of Appeals for Veterans Claims to "review decisions of the Board of Veterans' Appeals," id. §§ 7251-7252. The Board of Veterans' Appeals has jurisdiction over appeals from the Secretary of the VA's decisions as to "[a]ll questions in a matter which under [§ 511(a)] is subject to a decision by the Secretary." Id. § 7104(a). Decisions by the Court of Appeals for Veterans Claims, in turn, are reviewable only by the United States Court of Appeals for the Federal Circuit. See id. § 7292.

"Thus, under the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans' Appeals], then to the Court of Veterans' Appeals, the Federal Circuit Court of Appeals and

---

[5 U.S.C. §§ 552(a)(1) or 553] refers is subject to judicial review." But "[s]uch review . . . may be sought only in the United States Court of Appeals for the Federal Circuit." Id. Thus, while Levenson argues that 5 U.S.C. §§ 552(a)(1) and 553 do not apply to the VA's conduct at issue here, the court need not reach that argument. Even if those provisions did apply, they would provide for judicial review only in the Court of Appeals for the Federal Circuit, not in this court. The other exceptions to § 511(a)'s ban on judicial review plainly do not apply. See 38 U.S.C. §§ 511(b)(2)-(3).

the Supreme Court." Hall v. Dep't of Veterans Affairs, 85 F.3d 532, 534 (11th Cir. 1996) (per curiam).  It follows that this court "is prohibited from asserting jurisdiction over such claims by 38 U.S.C. § 511." Bradley v. Veterans Admin., 106 F.3d 383 (table), 1997 WL 22461, at *1 (1st Cir. Jan. 22, 1997) (unpublished per curiam disposition).

This action, which seeks to prevent Levenson and other VA employees from "taking away . . . medical services through the veteran HUD/VASH housing" program, seeks review of "questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits to veterans," i.e., those establishing the HUD-VASH program.  As a result, § 511(a) prevents this court from exercising jurisdiction here.  See Smart v. Dep't of Veterans Affairs, 759 F. Supp. 2d 867, 872-73 (W.D. Tex. 2010) (ruling that § 511(a) barred veteran's claim that he had been wrongfully denied admission to the HUD-VASH program).

This is true even though Bluestein seems to claim that the VA officials terminated him from the HUD-VASH program in retaliation for exercising his First Amendment rights, i.e., to bring his lawsuit against Harbor Homes, and that, in his objection to the motion to dismiss, he accuses those officials of violating a number of other federal statutes, e.g., the Rehabilitation Act of 1973, the Americans with Disabilities Act,

6

and a number of federal criminal statutes.  So far as the court can tell, all of these claims arise out of either the VA's initial decision to terminate him from the HUD-VASH program, or, following the reversal of that decision, the VA's insistence that he pursue particular case management services on pain of being terminated again.[2]  "The courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude upon the VA's exclusive jurisdiction" to make decisions as to a veteran's benefits under § 511(a).  Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000); see also Bradley, 1997 WL 22461, at *1 ("it is well established that [a veteran] may not circumvent [§ 511(a)] by asserting constitutional claims"); Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996) (holding that § 511(a) deprived district court of

---

[2]The one possible exception is Bluestein's claim that the officials violated certain federal criminal statutes in defending this lawsuit (e.g., Bluestein alleges that they committed perjury and obstruction of justice by submitting false affidavits in support of the motion to dismiss).  "Generally, however, a private citizen has no authority to initiate a federal criminal prosecution," nor to seek other relief based on alleged violations of federal criminal statutes.  Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); see also, e.g., Fuller v. Unknown Officials from the Justice Dep't, 387 Fed. Appx. 3, 4 (D.C. Cir. 2010) ("there is no private cause of action for perjury, subornation of perjury, false declarations before a grand jury or court, or false statements" in violation of various federal criminal statutes).

jurisdiction over claims against individual VA officials for all of their "actions taken in connection with the denial" of a veteran's benefits).

As just discussed, if Bluestein wishes to pursue his challenge to the VA's announced decision to eject him from the HUD-VASH program, or its insistence that he participate in certain case management services or risk ejection again, then Bluestein must pursue that challenge before the Board of Veterans Appeals. This court, lacking jurisdiction, expresses no view as to the merits of any appeal, nor may it conduct a hearing on the merits of Bluestein's claims (as he has repeatedly requested).

For the foregoing reasons, Levenson's motion to dismiss for lack of subject-matter jurisdiction (document no. 9) is GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: September 26, 2012

cc: Brian Bluestein, pro se
    Gretchen Leah Witt, AUSA